[Cite as *In re G.K.*, 2019-Ohio-1582.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                        |   |                                        |
|------------------------|---|----------------------------------------|
|                        | : | JUDGES:                                |
|                        | : |                                        |
|                        | : | Hon. John W. Wise, P.J.                |
|                        | : | Hon. Patricia A. Delaney, J.           |
| IN RE G.K. & L.K.      | : | Hon. Craig R. Baldwin, J.              |
|                        | : |                                        |
|                        | : | Case Nos. 18 CA 39                     |
|                        | : |             18 CA 40                   |
|                        | : |                                        |
|                        | : |                                        |
|                        | : |                                        |
|                        | : |                                        |
|                        | : | O P I N I O N                          |

CHARACTER OF PROCEEDING:      Appeal from the Guernsey County Court
of Common Pleas, Juvenile Division,
Case No. 17J00258

JUDGMENT:      AFFIRMED

DATE OF JUDGMENT ENTRY:      April 25, 2019

APPEARANCES:

For Mother-Appellant:                    For GCCS - Appellee:

WESLEY ALTON JOHNSTON                    MELISSA M. WILSON
The IMG Building, Suite 910              274 Highland Ave.
1360 E. 9th St.                          Cambridge, OH 43725
Cleveland, OH 44114

*Delaney, J.*

{¶1}   Mother-Appellant appeals the December 7, 2018 judgment entry of the Guernsey County Court of Common Pleas, Juvenile Division.

**FACTS AND PROCEDURAL HISTORY**

{¶2}   Appellant H.M. is the mother of G.K. (born January 20, 2013) and L.K. (born May 24, 2015). Father is C.K. Mother and Father are not married. Father has had no involvement in the children's lives.

{¶3}   GCCS became involved with the family based on a claim of sex abuse of G.K. and drug abuse by Mother. G.K. and L.K. were placed on an out-of-home safety plan with Paternal Uncle. Mother stated Paternal Uncle was approximately 80 years old. A third child, not involved in this case, was placed in another home.

{¶4}   GCCS moved for an ex parte order and the two children were placed in the temporary custody of Appellee Guernsey County Children Services ("GCCS") on June 22, 2017. Mother told GCCS that Paternal Uncle was asking Mother for sexual favors in order to see the children. There were concerns that Paternal Uncle was leaving the children with his wife, who had dementia, and with his son, who had a criminal history.

{¶5}   On August 30, 2017, G.K. and L.K. were adjudicated neglected and dependent. The children were placed in foster care and have been in the same foster home since January 2018. A case plan was developed for Mother. Mother suffered from drug addiction. As part of her case plan, Mother was required to complete drug, alcohol, and mental health assessments and follow the recommendations of her providers. Mother completed her assessments but did not attend follow-up counseling or utilize the recommended services. Mother was diagnosed with severe methamphetamine use

disorder, severe cannabis use disorder, post-traumatic stress disorder, borderline personality disorder, and opioid use disorder. GCCS offered to assist Mother with inpatient drug treatment, but Mother declined.

{¶6} Mother tested positive 39 times for illegal drugs including methamphetamine, amphetamine, cocaine, buprenorphine, and THC.

{¶7} Mother had weekly one-hour supervised visitation with the children. Mother and children were bonded. Mother brought the children food and toys during her visits. Mother tested positive for drugs during some visits with the children.

{¶8} Mother was not employed. Mother relied on Paternal Uncle for income.

{¶9} Mother lost custody of two other children through Hancock County.

{¶10} GCCS explored kinship placement of the children based on recommendations by Mother. The GCCS investigations found the 13 recommendations were not appropriate.

{¶11} GCCS filed a motion for permanent custody on August 8, 2018. A hearing was held on November 26, 2018.

{¶12} The Guardian ad litem recommended GCCS be granted permanent custody of the children.

{¶13} On December 7, 2018, the trial court granted the GCCS motion for permanent custody. The trial court first found the clear and convincing evidence showed the children had been in the temporary custody of a public service agency for 12 or more months of a consecutive 22-month period. It further found the children could not be placed with Mother or Father within a reasonable time or should not be placed with parents. The

trial court finally found the termination of parental rights was in the best interest of the children.

{¶14} It is from this judgment entry Mother now appeals.

## ASSIGNMENT OF ERROR

{¶15} Mother raises one Assignment of Error:

{¶16} "THE COURT ERRED IN GRANTING PERMANENT CUSTODY TO THE AGENCY WHEN NOT HAVING CLEAR AND CONVINCING EVIDENCE THAT IT WAS IN THE BEST INTEREST OF THE CHILD."

## ANALYSIS

{¶17} Mother contends in her sole Assignment of Error that the trial court erred when it found it was in the best interest of the children to grant permanent custody to GCCS. We disagree.

{¶18} "[T]he right to raise a child is an 'essential' and 'basic' civil right." *In re Murray*, 52 Ohio St.3d 155, 157, 556 N.E.2d 1169 (1990), quoting *Stanley v. Illinois*, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972). An award of permanent custody must be based on clear and convincing evidence. R.C. 2151.414(B)(1). Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954). "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Id.* at 477, 120 N.E.2d 118. If some competent, credible evidence going to all the essential elements of the case supports the trial court's judgment, an appellate court

must affirm the judgment and not substitute its judgment for that of the trial court. *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978).

{¶19} Issues relating to the credibility of witnesses and the weight to be given to the evidence are primarily for the trier of fact. *Seasons Coal v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984). Deferring to the trial court on matters of credibility is "crucial in a child custody case, where there may be much evidence in the parties' demeanor and attitude that does not translate to the record well." *Davis v. Flickinger*, 77 Ohio St.3d 415, 419, 674 N.E.2d 1159 (1997).

{¶20} R.C. 2151.414 sets forth the guidelines a trial court must follow when deciding a motion for permanent custody. R.C. 2151.414(A)(1) mandates the trial court schedule a hearing and provide notice upon the filing of a motion for permanent custody of a child by a public children services agency.

{¶21} Pursuant to R.C. 2151.414(B)(1), the trial court may grant permanent custody of a child to a movant if the court determines at the hearing, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:

> (a) The child is not abandoned or orphaned, has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period if, as

described in division (D)(1) of section 2151.413 of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.

(b) The child is abandoned.

(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.

(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, or the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period and, as described in division (D)(1) of section 2151.413 of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state.

(e) The child or another child in the custody of the parent or parents from whose custody the child has been removed has been adjudicated an abused, neglected, or dependent child on three separate occasions by any court in this state or another state. * * * *.

{¶22} Therefore, R.C. 2151.414(B) establishes a two-pronged analysis the trial court must apply when ruling on a motion for permanent custody. In practice, a trial court will usually determine whether one of the four circumstances delineated in R.C.

2151.414(B)(1)(a) through (e) is present before proceeding to a determination regarding the best interest of the child.

{¶23} Mother concedes the children have been in the temporary custody of GCCS for 12 or more months of a consecutive 22-month period. R.C. 2151.414(B)(1)(d). She argues the trial court erred as to the second prong, whether permanent custody was in the best interest of the children.

{¶24} Pursuant to R.C. 2151.414(D)(1), in determining the best interest of a child in a permanent custody proceeding, the court shall consider all relevant factors, including, but not limited to, the following:

(a) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;

(b) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;

(c) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies * * * for twelve or more months of a consecutive twenty-two-month period * * * *;

(d) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;

(e) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child. * * * *.

{¶25} The trial court first found the children were bonded with each other and placed in the same foster home. The children and Mother were bonded. Mother attended visitation and brought the children food and toys during the visitation. Paternal Uncle provided the items for Mother. R.C. 2151.414(D)(1)(a).

{¶26} The children were too young to express their wishes, but the GAL recommended the trial court award permanent custody to GCCS. R.C. 2151.414(D)(1)(b).

{¶27} The children had been in the temporary custody of GCCS since June 22, 2017. GCCS thoroughly investigated kinship placement, but Mother's 13 recommendations were found to be inappropriate. R.C. 2151.414(D)(1)(c) and (d). Based on Mother's own allegations to GCCS, Paternal Uncle was not a suitable placement.

{¶28} The issue in this case is Mother's drug addiction. GCCS attempted to help Mother secure treatment, but Mother was unable to commit to treatment and address her drug addiction. The children need legally secure placement. Mother's drug addiction does not permit reunification despite the best efforts of GCCS.

{¶29} We find no error for the trial court to find it was in the best interest of the children to grant the permanent custody motion of GCCS.

{¶30} Mother's sole Assignment of Error is overruled.

**CONCLUSION**

{¶31} The judgment of the Guernsey County Court of Common Pleas, Juvenile Division is affirmed.

By: Delaney, J.,

Wise, John, P.J. and

Baldwin, J., concur.